**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| KRISTINE HOLMES, individually as surviving mother and heir at law of ELIJAH HOLMES, deceased, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CaseNo.16-CV-01080-EFM-KGG |
| KELLER KRUG, ) ) | |
| Defendant. ) ) | |

**JOURNAL ENTRY APPROVING SETTLEMENT AND APPORTIONMENT**

NOW ON THIS 14th day of August, 2017, the above matter comes before the court pursuant to Plaintiff's Motion to Approve Settlement and Apportionment (Doc. 32). Plaintiff, Kristine Holmes, individually as surviving mother and heir at law of Elijah Holmes, deceased, appears by and through Michael Wyatt of Mann Wyatt & Rice, LLC. Defendant, Keller Krug, appears by and through Gilliland & Hayes, LLC.

The parties have filed a Motion outlining a settlement and apportionment of the settlement proceeds (Doc. 32). The parties represent they have reached a settlement releasing all claims and causes of action (including any survival actions under K.S.A. 60-1801 and wrongful death actions under K.S.A. 60-1901) that Plaintiff has or may have against Defendant. Defendant's insurer, on behalf of Defendant, will pay a confidential amount to Plaintiff, heir at law of the decedent, Elijah Holmes. In exchange, the Plaintiff will dismiss with prejudice and shall have no further claim against, nor will the Defendant have any liability to Plaintiff or any heir at law, in tort, contract or by any claim against the Defendant that could have been brought in this action.

After reviewing the motion and affidavits presented, the Court finds as follows:

1. Mr. Wyatt's fees in representing Plaintiff are 40% of the settlement proceeds after the costs of the action have first been deducted.  The Court finds that the costs of $4,124.25 and the 40% contingency fee for the services of Mann, Wyatt & Rice, LLC are reasonable and approved, and shall be paid out of the settlement.

2. That Bradley Holmes, surviving father of Elijah Holmes, deceased, is the only other heir of Elijah Holmes, and that Bradley Holmes disclaims any interest in the claims brought against Defendant herein, and disclaims any interest in the settlement reached.

3. That Bradley Holmes will receive 0% of the net recovery after deduction of the expenses and attorney fees.

4. That Kristine Holmes, surviving mother of Elijah Holmes, deceased, will receive 100% of the net recovery after deduction of the expenses and attorney fees.

IT IS ORDERED, AJUDGED, AND DECREED that the proposed settlement is fair, just and reasonable and should be approved, and that the apportionment set forth above should be made the Order of the Court.

IT IS FURTHER ORDERED, AJUDGED, AND DECREED that upon the payment of the confidential settlement amount on behalf of Keller Krug by his insurer, as set forth above, the Defendant will have no liability to the Plaintiff and heirs-at-law.  Upon said payment, this case will be dismissed with prejudice.

BY THE COURT IT IS SO ORDERED.

*[signature: Eric F. Melgren]*

U. S. District Judge

APPROVED:

**GILLILAND & HAYES, LLC**

By  */s/ Melissa A. Moodie*
   Gerald L. Green, SC# 08894
   Melissa A. Moodie, SC# 22091
   *Attorneys for Defendant*

**MANN WYATT & RICE, LLC**

By  */s/ Michael J. Wyatt*
   Michael J. Wyatt, SC#23260
   Jesse Tanksley, SC#24162

3